| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------------X<br>UNITED STATES OF AMERICA<br><br>                -against-<br><br>JOSUE BEDELL,<br><br>                Defendant.<br>----------------------------------------------------------------------X<br>JOSUE BEDELL,<br><br>                Petitioner,<br><br>                -against-<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent.<br>----------------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>13-CR-45 (JMA) (AKT)<br><br><br><br><br><br><br><br><br><br>16-CV-3457 (JMA) |

**AZRACK, United States District Judge:**

      Pending before the Court is the June 23, 2016 motion of Josue Bedell pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 124.) Bedell argues that his sentence should be vacated pursuant to Johnson v. United States, 576 U.S. 591 (2015), because the Court increased his offense level based on a 1998 assault conviction that should not have been considered a crime of violence. (Id.)

      On May 22, 2014, Bedell pleaded guilty to one count of being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (ECF No. 100.) He was sentenced on February 27, 2015 by the late Honorable Arthur D. Spatt to 48 months in custody—with credit for time served from October 31, 2012 to that date—followed by three years of supervised release. (ECF No. 114.) Following his incarceration, Bedell violated the conditions of his supervised

1

release on several occasions. Bedell pleaded guilty to the most recent violation on September 7, 2018. (ECF Nos. 165, 168.) Judge Spatt sentenced him to a term of imprisonment of twelve months, with credit for time served from May 23, 2018 to that date. (Id.) Judge Spatt also terminated the remaining term of his supervised release. (Id.)

Based on the judgment Judge Spatt entered and subsequent docket entries, it appears that Bedell's imprisonment concluded in May 2019 and his supervised release was terminated. Accordingly, the Court issued an Order to Show Cause on January 5, 2021. The Court explained that because "Defendant's term of imprisonment for violation of supervised release ended in May 2019 . . . Defendant's 2255 motion, ECF No. 124, appears to be moot." The Court directed Bedell "to show cause, in writing, by February 5, 2021 why the Court should not deny this motion as moot." He was warned that "[f]ailure to respond to this Order may result in the denial of Defendant's 2255 motion." To date, Bedell has not responded to the Court's Order, and the deadline has now passed.

For purposes of Section 2255, "where the only relief sought by a petitioner is release from incarceration and the petitioner has been released, with the result that the Court can no longer provide the relief sought in the petition, the petition must be dismissed as moot." Califano v. United States, No. 00-CV-0543, 2005 WL 1379018, at *1 (E.D.N.Y. June 7, 2005). Further, "mootness is not fixed at the time of filing but must be considered at every stage of habeas proceeding." United States v. Hey, No. 14-CR-28-3, 2016 WL 8849759, at *4 (D. Vt. Dec. 12, 2016), adopted by, 2017 WL 1735131 (D. Vt. May 2, 2017) (quoting Nowakowski v. New York, 835 F.3d 210, 217 (2d Cir. 2016)). Here, because Bedell is no longer incarcerated or subject to supervised release, the Court cannot afford him the relief he seeks, the vacating of his sentence.

Accordingly, his claim is moot. See Mayne v. United States, No. 11-CV-269, 2018 WL 3404136, at *2 (E.D.N.Y. July 12, 2018).

For the reasons set forth above, Bedell's Section 2255 motion is **DENIED** as moot. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  March 31, 2021
          Central Islip, New York

                                                    /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE